IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

FILED
2007 APR 23  PM 4: 22
CLERK, U.S. DISTRICT COURT
WESTERN DISTRICT OF TEXAS
BY_____
DEPUTY CLERK

| | |
|---|---|
| CHRISTINA RODRIGUEZ HERNANDEZ § | |
| Plaintiff, § | Case No.: |
| v. § | |
| § | COMPLAINT AND JURY |
| WOLPOFF & ABRAMSON, LLP § | DEMAND |
| § | |
| Defendants § | |

SA07CA0366 OG

**PLAINTIFF'S ORIGINAL COMPLAINT**

Plaintiff, CHRISTINA RODRIGUEZ HERNANDEZ ("Hernandez") brings suit against Defendant WOLPOFF & ABRAMSON, LLP ("WOLPOFF"), for violations of the Fair Debt Collection Practices Act, 15 U.S.C. 1692, et seq., (F.D.C.P.A.), the Texas debt collection act, Ch. 392 Tex. Fin. C., and for other violations.

### A. JURISDICTION AND VENUE.

1. The Court has federal question jurisdiction over the lawsuit because the action arises under the Fair Debt Collection Practices Act, 15 U.S.C. 1692, et seq., (F.D.C.P.A.). Jurisdiction of the Court arises under 28 U.S.C. 1331 in that this dispute involves predominant issues of federal law, the F.D.C.P.A. Declaratory relief is available pursuant to 28 U.S.C. 2201 and 2202. The court has supplemental jurisdiction under 28 U.S.C. §1367 over Plaintiff's claims state law claims Plaintiff because said claims are so related to the claims within the Court's original jurisdiction that they form part of the same case or controversy under Article 3 of the United States Constitution.

2. Venue in this District because all or a substantial part of the events or omissions giving

1

rise to their claims occurred in Bexar County, Texas.

3. Plaintiff is an individual who resides at 3259 Algo Dulce, San Antonio, Bexar County, TX 78211. Plaintiff is a "consumer" as that term is defined by 15 U.S.C. § 1692a(3).

4. Wolpoff & Abramson, LLP ("Wolpoff") is a limited liability partnership organized under the laws of the District of Columbia whose principle address is 702 King Farm Boulevard, Rockville, MD 20850. It may be served through its registered agent, C T Corporation System, 350 North St. Paul St., Dallas, TX 75201. Defendant Wolpoff is a "debt collector" as that term is defined by 15 U.S.C. § 1692a(6).

5. The Court has jurisdiction over Defendant Wolpoff, a nonresident. Defendant has purposefully availed itself of the privileges and benefits of conducting business in Texas by engaging in business in Texas. Defendant engaged in business in Texas by attempting to collect an alleged debt against Plaintiff in Texas in a manner that violated the F.D.C.P.A. and that constituted a tort, and said actions form the basis of this suit.

6. All conditions precedent necessary to maintain this action have been performed or have occurred.

## B. STATEMENT OF FACTS

7. On November 22, 2005 Defendant WOLPOFF & ABRAMSON, LLP ("WOLPOFF") filed suit in Bexar County Justice Court to collect a consumer debt allegedly owed by Plaintiff CHRISTINA RODRIGUEZ HERNANDEZ[1] ("Hernandez") to General Electric Capital

---

1 At the time of the state court proceeding, Plaintiff Christina Rodriguez Hernandez was sued under her maiden name, Christina Rodriguez.

Corporation ("General Electric"). In the course of attempting to collect the alleged consumer debt, Defendant Wolpoff committed a number of debt collection violations for which Plaintiff Hernandez now brings suit.

8.  General Electric served Hernandez with its Original Petition for the collection of alleged consumer debt in the above caption case on January 19, 2006.

9.  Hernandez filed her Original Answer pro se with the Court on February 13, 2006 to deny General Electric's claims against her.

10. On February 28, 2006 Wolpoff was served Defendant's Amended Answer, Verified Denial and Special Exceptions and Verified Denial notifying Wolpoff that Hernandez was represented by counsel. At or around the same time as Wolpoff was served the pleadings, Hernandez's counsel also served discovery requests on Wolpoff.

11. On March 13, 2006, the Justice Court delivered to Hernandez, at her home address, and to Wolpoff notice of the trial in this case, set for May 1, 2006, 10:00 AM. The Court did not send a similar notice to Hernandez's counsel and said counsel had no knowledge of the setting. The Court also sent notice of the trial to Wolpoff.

12. On or about March 27, 2006 Wolpoff entered into a Rule 11 Agreement with counsel for Hernandez to extend until April 15, 2006 General Electric's deadline to answer discovery.

13. On May 1, 2006 Hernandez appeared at the Justice Court as the court notice instructed. Hernandez appeared without counsel because, as already noted, her attorney had no knowledge of the setting. Wolpoff attended the hearing through its local counsel Claudine Espinosa. Despite

knowing that Hernandez was represented by counsel Wolpoff communicated directly with Hernandez outside the presence of her attorney. Moreover, Wolpoff deceived Hernandez into signing a Final Judgment, with a hand-written notation that it was "agreed." Wolpoff attorneys, Johnny Almon and/or Brent Burford, participated in a telephone call with local counsel Espinosa to draft the final judgment language. Just 4 weeks prior, Wolpoff counsel had entered into a Rule 14. Agreement extending its deadline to answer discovery. The Justice Court signed final judgment on May 1, 2006 against Hernandez for the full amount sought by Wolpoff. Wolpoff included in the final judgment language a usurious post-judgment interest rate prohibited by law.

15. About ten days later counsel for Hernandez learned for the first time of the May 1, 2006 final judgment and of Wolpoff's ex parte communications with Hernandez. In the coming months counsel for Hernandez filed a series of motions to vacate the fraudulently obtained judgment. Ultimately the judgment was vacated and an Order of Non-suit was entered in the case. Not to be outdone, however, even after the entry of the "Agreed" Final Judgment, Wolpoff continued its ex parte communications with Hernandez, sending correspondence directly to her.

16. Hernandez now brings these claims directly against Wolpoff for their ex parte communications, for their fraudulently induced final judgment, for their illegal post-judgment rate of interest, and for other acts.

        **C.**    **COUNT # 1: Violations of the federal Fair Debt Collection Practices Act.**

17. Plaintiff incorporates the above statement of facts by reference.

18. Hernandez brings these F.D.C.P.A. claims as a "private attorney general" acting in the in

4

the interest of all consumers. See S. Rep. No. 382, 95th Con., 1st Sess. 5, ("The committee views this legislation as primarily self-enforcing; consumers who have been subject to debt collection abuses will be enforcing compliance.").

19. The above statement of facts are incorporated by reference and demonstrate that WOLPOFF violated the following sections of the federal Fair Debt Collection Practices Act (the "F.D.C.P.A."): 15 U.S.C. 1692a, 1692c, 1692d, 1692e, 1692f, and 1692g. By way of example and not limitation Plaintiff has violated these provisions by misrepresenting the character, status, and amount of the debt; and threatening to take an act and actually taking an act prohibited by law.

20. Attorney's fees are sought solely by attorney Ahmad Keshavarz, not by his co-counsel with Texas Rio Grande Legal Aid, Inc.

### D. COUNT # 2: Violations of the Texas debt collection statute, Tex. Fin. C. § 392.001 *et seq*

21. Plaintiff incorporates the above statement of facts by reference.

22. The standard for a "third-party debt collector" under the Texas debt collection act is the same as the definition of "debt collector" under the F.D.C.P.A.

23. WOLPOFF violated Tex. Fin. C. § 392.001 et seq., the Texas debt collection act. By way of example and not limitation Plaintiff has violated these provisions by misrepresenting the character, status, and amount of the debt; and threatening to take an act and actually taking an act prohibited by law.

24. A prevailing consumer in a Texas debt collection action is entitled to actual damages, additional statutory damages of $100.00 in *per violation*, and mandatory attorney's fees and cost, and these are so sought. Hernandez also seeks a permanent injunction to prohibit WOLPOFF from again violating the debt collection statutes.

25. Attorney's fees are sought solely by attorney Ahmad Keshavarz, not by his co-counsel with Texas Rio Grande Legal Aid, Inc.

### E.   COUNT # 3: Tort of unfair debt collection.

26. The actions that violate the debt collection statute also constitute the tort of wrongful debt collection, which allows for the recovery of actual and punitive damages. <u>Duty v. General Finance Company</u>, 273 S.W.2d 64 (Tex. 1954). Exemplary and punitive damages may be recovered for this tort, and are so sought.

### F.   COUNT # 4: Equitable relief sought under the D.T.P.A.

27. Hernandez seeks equitable relief under the D.T.P.A., which do not require presuit notice. The equitable relief sought includes profit disgorgement, fee forfeiture, and the issuance of a permanent injunction barring Wolpoff from communicating with consumers represented by counsel, seeking a post-judgment interest rate and taking the other acts that form the basis of this complaint. Plaintiff need not show actual damages in order to obtain said equitable relief. <u>Kinzbach Tool Co. v. Corbett-Wallace Corp.</u>, 160 S.W.2d 509, 514 (Tex. 1942); <u>Watson v. Limited Partners of WCKT, Ltd.</u>, 570 S.W.2d 179, 182 (Tex. Civ. App.—Austin 1978, writ ref'd n.r.e.); <u>Russell v. Truitt</u>, 554 S.W.2d 948, 952 (Tex. Civ. App.—Fort Worth 1977, writ ref'd n.r.e.); <u>see also</u> Restatement (Second) of Agency § 399 (1958) (listing remedies).

28.   WOLPOFF violated Texas Deceptive Trade Practices Act. Defendant committed "false, misleading, or deceptive acts or practices" within the meaning of Tex. Bus. & Com. Code §17.46(a). Scienter is not a prerequisite for D.T.P.A. liability, although knowledge here is clear.

29.   WOLPOFFs actions also constitute an "unconscionable action or course of action" which, to Plaintiff's detriment, took advantage of the lack of knowledge, ability, experience, or capacity of Plaintiff to a grossly unfair degree in violation of Tex. Bus. & Com. Code §17.50(a)(3).

30.   This petition serves as written notice of Hernandez's intention to amend this petition within 60 days from receipt to add claims for economic damages. Damages are estimated as the value of the work of her attorneys in the state court proceedings, estimated at this time at $15,000, plus $4,000.00 in attorney's fees.

31.   Defendant is entitled to recover reasonable and necessary attorney fees and costs under Tex. Bus. & Com. Code §17.50(d). See Arthur Andersen & Co. v. Perry Equip. Corp., 945 S.W.2d 812, 819 (Tex. 1997). The purpose for establishing mandatory attorney's fees is to protect the ordinary consumer from false, misleading or deceptive trade practices by well-funded defendants. As such, a prevailing consumer must be awarded attorney's fees even if his claim is entirely offset by the claims of the opposing party. McKinley v. Drozd, 685 S.W.2d 7 (Tex. 1985). Moreover, attorney's fees are both mandatory and reasonable even if the fees greatly exceed the actual damages awarded to the consumer. Jack Roach Ford v. De Urdanavia, 659 S.W.2d 725 (Tex. App.—Houston [14th Dist.] 1983, no writ) ($20,000.00 in attorney's fees approved on a recovery of $500.00 in actual damages); Tate v. Wiggins, 583 S.W.2d 640 (Tex. Civ. App.--Waco

1979, no writ) ($14,500.00 in fees approved on a recovery of $1,000.00 in actual damages to one of the Plaintiff and $1,400.00 to the other); Seabury Homes, Inc. v. Burleson, 688 S.W.2d 712 (Tex. App.--Fort Worth 1985, no writ) ($15,000.00 in fees approved on a recovery of $2,000.00 in actual damages); IFG Leasing Co. v. Ellis, 748 S.W.2d 564 (Tex. App.--Houston[14th Dist.] 1988, no writ) (an award of attorney's fees upheld even though the consumer only was awarded a certificate of title and no monetary damages.

32.     Attorney's fees are sought solely by attorney Ahmad Keshavarz, not by his co-counsel with Texas Rio Grande Legal Aid, Inc.

### G.    COUNT # 5: Fraud.

33.     Plaintiff incorporates the above statement of facts by reference.

34.     WOLPOFF made material and false representations When WOLPOFF made the representations, it knew them to be false, or made the representations recklessly, as a positive assertion, and without knowledge of its truth. WOLPOFF made the representations with the intent that Hernandez act on them. Hernandez in fact relied on the representations, causing her injury. See Stum v. Stum, 845 S.W.2d 407, 416 (Tex.App.--Fort Worth 1992), overruled on other grounds, Humphreys v. Meadows, 938 S.W.2d 750, 751 (Tex.App.--Fort Worth 1996, writ denied). Hernandez seeks exemplary and punitive damages for these acts.

### H.    COUNT # 6: Intentional misrepresentation.

35.     Plaintiff incorporates the above statement of facts by reference.

36.     WOLPOFF made false statements of fact; made promises of future performance with an

8

intent, at the time the promise was made, not to perform as promised; made statements of opinion based on a false statement of fact; made statements of opinion that the maker knew to be false; or made an expression of opinion that was false, while claiming or implying to have special knowledge of the subject matter of the opinion. Hernandez relied the misrepresentations of WOLPOFF and suffered harm. Johnson & Higgins of Texas, Inc. v. Kenneco Energy, Inc., 962 S.W.2d 507, 524 (Tex. 1998). Hernandez seeks exemplary and punitive damages for these acts.

### I.   COUNT # 7: Negligence & gross negligence, including negligent misrepresentation.

37.     Plaintiff incorporates the above statement of facts by reference.

38.     WOLPOFF owed a legal duty to Hernandez. Without limitation this includes the duty to use ordinary care in making representations and ascertaining the accuracy of information of information given to others. Edco Products Inc., 794 S.W.2d 69, 76-77 (Tex.App.—San Antonio 1990, writ denied); and the duty to use reasonable care in performing services. Colonial Sav. Ass'n, 544 S.W.2d 116, 119-20 (Tex. 1976). WOLPOFF breached their legal duty, and the breach proximately causing Hernandez harm. WOLPOFF is also liable for negligent hiring, training, supervision or retention of competent employees. See, e.g. Morris v. JTM Materials, 78 S.W.3d 28, 49 (Tex.App.—Fort Worth 2002, no pet.). Hernandez brings these negligence claims in addition to the above causes of action, or, to the degree that the negligence claims are inconsistent with the above claims, the negligence claims are brought in the alternative to the above claims. Hernandez seeks exemplary and punitive damages for these acts.

### J. COUNT # 8: Declaratory and injunctive relief.

39. Plaintiff incorporates the above statement of facts by reference.

40. Hernandez seeks declaratory relief that WOLPOFF committed the above violations and an injunction to prevent Plaintiff from again engaging in the conduct giving rise to these claims. C.P.R.C. § 37.004(a). Hernandez seeks attorney's fees and costs. C.P.R.C. § 37.009; Butnaru v. Ford Motor Co., 84 S.W.3d 198, 210 (Tex. 2002) (injunction issued under principles of equity). Attorney's fees are sought solely by attorney Ahmad Keshavarz, not by his co-counsel with Texas Rio Grande Legal Aid, Inc.

### K. ATTORNEY'S FEES

41. Attorney's fees are sought solely by attorney Ahmad Keshavarz, not by his co-counsel with Texas Rio Grande Legal Aid, Inc.

### L. JURY DEMAND.

42. Hernandez demands a jury trial and tenders the appropriate fee with this petition.

### M. PRAYER

43. For these reasons, Hernandez asks for judgment against WOLPOFF & ABRAMSON, LLP for the following:

   i. The above referenced relief requested;

   ii. Statutory damages (including $1,000.00 pursuant to 15 U.S.C. § 1692k (F.D.C.P.A.) $100 per violation pursuant to Tex. Fin. C. § 392.403(e) (Texas debt collection act).);

   iii. Actual and economic damages within the jurisdictional limits of the court;

iv. Attorney fees for attorney Ahmad Keshavarz, not for his co-counsel with Texas Rio Grande Legal Aid, Inc.

v. Costs of court;

vi. Exemplary and punitive damages;

vii. Prejudgment and post-judgment interest as allowed by law;

viii. Costs of suit;

ix. General relief;

x. An injunction preventing the debt collector from engaging in similar unlawful conduct now and in the future;

xi. All other relief, in law and in equity, to which Hernandez may be entitled.

Respectfully submitted,

*Ahmad Keshavarz* with permission by Virginia M Schramm

Ahmad Keshavarz

ATTORNEY IN CHARGE FOR PLAINTIFF

State of Texas Bar Number: 24012957

The Law Office of Ahmad Keshavarz
16 Court St., Suite 2600
Brooklyn, NY 11241-1026

Phone: (512) 494-9797
Fax:   (877) 496-7809 (toll-free)
Email: ahmad@AustinConsumerAttorney.com

TEXAS RIO GRANDE LEGAL AID, INC.

*Virginia M Schramm*

BY: Virginia M. Schramm
Attorney at Law

State of Texas Bar Number: 17810400
Texas RioGrande Legal Aid, Inc.
1111 North Main Street
San Antonio, TX 78212
Phone: (210) 212-3700
Fax: (210) 212-3772
Email: vschramm@trla.org

TEXAS RIO GRANDE LEGAL AID, INC.

*Christina E. Trejo w/permission by Virginia A. Schramm*

By: Christina E. Trejo
Attorney at Law
State of Texas Bar Number: 24003124
Texas RioGrande Legal Aid, Inc.
Houston Office
1010 Waugh Dr.
Houston, Texas 77019
Phone: (713) 528-6798 ext. 2257
Fax: (713) 630-2218
Email: CTrejo@trla.org

ATTORNEYS FOR PLAINTIFF

12